MICHAEL, Circuit Judge, concurring in part and dissenting in part:
I concur in parts I — III of the majority opinion. However, I respectfully dissent from part IV because, under the principles of law the majority sets forth in part III, the undisputed facts establish that Allison Jordan willfully violated the bankruptcy court’s order when she refinanced her home. Therefore, I would affirm the bankruptcy court’s decision to revoke Jordan’s discharge.
I.
Jordan filed her Chapter 7 bankruptcy petition on January 7, 2005. Less than a week later, the court sent Jordan an administrative order setting forth her duties and responsibilities as a debtor. The order informed Jordan that she was not permitted to “sell, transfer, remove, destroy, mutilate or conceal any of [her] property” and that she was required to “make all or any part [of her property] available to the trustee, when requested to do so.” J.A. 14. The order also informed her that she was required to “cooperate with the Trustee as is necessary to enable the Trustee to perform the Trustee’s duties as required by law.” J.A. 14. Finally, the order made clear that the duties and responsibilities imposed upon Jordan did not end automatically with a discharge: “You shall obey all orders of the [bankruptcy court] and your responsibility for doing so does not cease even after a discharge is granted. The discharge does not conclude your bankruptcy case. A discharge may be revoked, for cause.” J.A. 14.
Seven days after receiving her discharge, Jordan refinanced her home. In doing so, she increased the outstanding mortgages on the property by more than $30,000, eliminated all of her equity in the property, and received $15,000 in cash. Before acting to refinance her home, Jordan did not consult with the bankruptcy trustee or seek court approval. The refinancing was, as the majority notes, a transfer of property that violated the court’s administrative order. Ante at 434-45. Ultimately, the bankruptcy court granted the trustee’s motion to revoke Jordan’s discharge based on her noncompliance with the order, and the district court affirmed.
II.
The only question presented by this appeal is whether Jordan’s violation of the *436 bankruptcy court’s administrative order constituted a refusal to obey that order within the meaning of 11 U.S.C. § 727(a)(6)(A). If Jordan violated § 727(a)(6)(A), the court did not err by revoking her discharge pursuant to § 727(d)(3). As the majority states, proving that a debtor refused to obey a court order requires the showing of a willful or intentional violation of the order, as opposed to mere noncompliance. Ante at 433. A party seeking to prove willfulness may meet its initial burden by demonstrating that “the debtor received the order in question and failed to comply with its terms.” Ante at 433. The burden then shifts, requiring the debtor to prove that the noncompliance resulted from inadvertence, mistake, or impossibility, rather than from an intentional and willful act. See ante at 434.
The facts establish that Jordan refused to obey the court order by refinancing her property. Because Jordan does not contest that she had knowledge of the order or that her refinancing violated its terms, the burden is on her to explain her noncompliance. She has not carried this burden. Her only contention appears to be that she did not realize that refinancing her property would violate the order. This contention is irrelevant because a finding of willfulness in this context does not require a showing that Jordan acted with malice or knew in advance that the refinancing would violate the court order.
The majority’s conclusion in part IV— that Jordan’s violation was not willful and intentional — relies on two factors, but neither provides adequate support. First, the majority relies on the absence of the word “refinance” in the administrative order’s list of prohibited actions. The absence of this particular word, however, does not excuse Jordan’s violation. As the majority recognizes, the act of refinancing violated the order’s requirement that Jordan not “transfer ... any of [her] property.” J.A. 14; ante at 435. Even if we assumed that Jordan did not realize that her action was wrongful, this fact is not relevant to a finding of willfulness for purposes of § 727(a)(6)(A), as explained below. Notably, though, Jordan’s claim that she was unaware that refinancing would violate the court’s order is undercut to a significant extent because she refinanced only a few days after her discharge became final. The timing suggests she was aware that refinancing was prohibited but assumed (erroneously) that her obligations ended upon discharge.
Second, the majority relies on the bankruptcy court’s findings that “intent is a non-issue” and that Jordan was not “willfully uncooperative with the trustee.” J.A. 49-50; see ante at 435. These findings cannot refute the common sense conclusion that Jordan acted willfully when she refinanced her property. To begin with, the bankruptcy court did not address whether the refinancing was a willful act; rather, it found only that Jordan was not “willfully uncooperative with the trustee.” J.A. 49. Moreover, a finding that the refinancing was not willful would have been clear error in this case. According to Black’s Law Dictionary, “willful” means “[voluntary and intentional, but not necessarily malicious.” Black’s Law Dictionary 1630 (8th ed.2004). But Black’s recognizes that the term has been applied differently in different contexts: some courts hold that the term means “intentionally or purposely as distinguished from accidentally or negligently and does not require any actual impropriety,” while others have required “a bad purpose or evil intent.” Id. (quoting Rollin M. Perkins & Ronald N. Boyce, Criminal Law 875-76 (3d ed.1982)). In the context of § 727(a)(6)(A), however, courts have consistently applied a definition of willfulness that does not require a *437 showing that the debtor acted with malice or with the specific intent to violate a court order. Indeed, the majority acknowledges that the law requires only that the debtor’s failure to comply arise from an intentional act rather than from negligence or the inability to comply. Ante at 434 (willfulness not established if the failure to comply with a court order “results from inadvertence, mistake, or inability to comply”); see also 6 Collier on Bankruptcy, ¶ 727.09 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2007) (contrasting “wilful, intentional disobedience or dereliction” with a “failure to comply ... due to inability to comply, inadvertence or mistake”).
Although the majority accurately sets forth the law, it then erroneously concludes that Jordan did not act willfully. Jordan does not dispute that she had notice of the order, nor does she contend that she was unable to comply with the order. And, as explained above, the trustee was not required to show that Jordan acted with the specific intent to violate the order or even that she knew her action was wrongful at the time she refinanced her property. Instead, the trustee was required to show simply that Jordan intentionally and willfully refinanced her home and that the refinancing violated the terms of the order. If Jordan was uncertain about whether refinancing would violate the order, she had an obligation to resolve the uncertainty by consulting with the trustee or, if necessary, by seeking court approval before taking action. Because the record establishes that Jordan willfully violated the bankruptcy court’s order, I would affirm the revocation of her discharge.